UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ALABAMA

In re:

GLENDA CASTLEBERRY RATTLER,  Case No.: 11-04691

Debtor.

**ORDER GRANTING CREDITOR'S MOTION FOR ALLOWANCE OF AN ADMINISTRATIVE CLAIM**

Nathan P. Friedlander, Attorney for Creditor Jonathan Gray, Mobile, Alabama
Judson E. Crump, Attorney for the Debtor, Mobile, Alabama

This matter is before the court pursuant to Creditor Jonathan Gray's Motion to Allow Administrative Claim. This court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Order of Reference of the District Court. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and this court has authority to enter a final order. For the reasons discussed below, Creditor Jonathan Gray's Motion to Allow Administrative Claim is GRANTED.

FACTS

The Debtor filed for Chapter 13 bankruptcy protection on November 15, 2011. The Debtor proposed a Chapter 13 plan of reorganization and on May 17, 2012 the court entered an order of confirmation. The Debtor's plan will pay unsecured creditors 0% of their claims. On April 3, 2012, the Debtor entered into a residential lease with property owner Jonathan Gray ("Creditor" or "Gray"). It does not appear that the Debtor obtained court permission or notified the court of the new lease, a post-petition transaction. However, the Debtor filed a "Notice of change of address" on May 15, 2012 detailing the newly leased property as her new address.

The Debtor failed to live up to her obligations to pay rent under the new lease. On October 11, 2012, the Creditor moved for relief from the automatic stay alleging a default. The

1

Creditor asserted that the Debtor failed to pay rent from June 2012 through the date of the October 2012 motion. The Creditor requested that the rental arrears be treated as administrative expenses within the relief from stay motion. Relief from stay was granted on November 7, 2012 and an order was entered November 16, 2012. The relief from stay order recited that "[t]he request for treatment of rent claimed as an administrative claim is granted." The Debtor did not object to the entry of the order. Upon receiving relief, the Creditor pursued an unlawful detainer action against the Debtor in Mobile County District Court.

On September 19, 2012, the Creditor filed a proof of claim in the Debtor's bankruptcy case seeking $3,481.64 in unpaid post-petition rent. The proof of claim designated the amount due as a priority claim. On January 9, 2013, the Creditor amended its proof of claim, requesting $6,042.44 in post-petition rent, late fees, and costs of collection, including attorneys fees, again denominating the rent as a priority claim. That same day, the Creditor filed a motion to allow the claim as an administrative claim. The motion explained that the Debtor incurred post-petition rents and charges in the amount of $7,501.64 through January of 2013. It further asserted that one payment had been received at the time of the motion from the Chapter 13 Trustee in the amount of $1,459.20, which reduced the outstanding amount to the $6,042.44 detailed in the proof of claim. The Creditor again amended its proof of claim on February 8, 2013 listing the same $6,042.44 figure, but citing 11 U.S.C. §§ 507(a)(7), 503(b)(1)(A), and 365(d)(3) in support of the claim's entitlement to priority.

LAW

This case presents unusual facts that lead to the court's decision. The answer might be different in a case where the Debtor and Creditor took steps that were clearer than the actions taken in this case. The Creditor argues that its proof of claim for post-petition rent should be

2

afforded administrative status pursuant to 11 U.S.C. § 503(b)(1)(A). The Debtor disagrees and argues that the Creditor is not entitled to an administrative claim for the post-petition rent because the Debtor's post-petition claim is subject to the rules detailed in 11 U.S.C. § 1305(a)(2) as opposed to § 503(b).

Resolution of the parties' disagreement requires this court to first consider whether § 1305(a)(2) precludes a post-petition claim from administrative expense status under § 503(b)(1)(A). Section 1305(a)(2) states that "[a] proof of claim may be filed by any entity that holds a claim against the debtor. . .that is a consumer debt, that arises after the date of the order for relief under this chapter, and that is for property or services necessary for the debtor's performance under the plan." A typical § 1305(a)(2) claim in a Chapter 13 case is for medical expenses incurred by a debtor after the filing of his or her case. *See In re Goodman*, 136 B.R. 167 (Bankr. W.D. Tenn. 1992). In contrast, § 503(b)(1)(A) deems all "necessary and actual expenses of preserving the estate" to be administrative expenses, which are afforded priority and must be paid in full in a Chapter 13 case.

The difference in results for Jonathan Gray is dramatic in this case depending on which code section controls. If a creditor files a § 1305 post-petition claim, the creditor is subject to the terms of the plan and is paid as an unsecured creditor. In this case, the Creditor would be paid 0% and have his claim discharged upon completion of the case. There is, therefore, no benefit to him if he files a claim under § 1305. Alternatively, if he files an administrative claim, he is paid in full through the plan. A creditor would only file a § 1305 claim if the creditor cannot wait 3 to 5 years to be paid the debt in full or if a debtor has proposed a high percentage payout plan.

Section 1305(a)(2) and § 503(b)(1), as written, are not mutually exclusive. *See In re Clayburn*, 112 B.R. 434, 435 (Bankr. N.D. Ala. 1990). Section 1305 is a permissive statute. It

3

allows two types of post-petition claims to be filed by creditors pursuant to its instructions. It does not restrict post-petition claims filed pursuant to § 503(b). Moreover, two leading treatises acknowledge that it is conceivable that a claim could qualify as a post-petition claim under § 1305(a)(2) and also qualify as an administrative expense under § 503(b) if that claim is both "for property or services necessary for the debtor's performance under the plan" and a "necessary and actual expense of preserving the estate." 8 *Collier on Bankruptcy* ¶ 1305.02[2] (16th Ed. 2012); 7 *Norton Bankruptcy Law and Practice* 3d § 146.20 (2013). Only a few courts have addressed the interplay of § 1305(a)(2) and § 503(b). The bankruptcy courts in *In re Chaney*, 308 B.R. 588 (Bankr. N.D. Ga. 2004), and *In re Coursey*, 11 B.R. 944 (Bankr. W.D. Miss. 1981), both allowed claims under § 1305(a)(2), but classified those claims as administrative pursuant to § 503(b).

Based on the statutes and the case law, it is this court's conclusion that § 1305(a)(2) does not present a bar to a post-petition claim's administrative expense status if that claim meets the requisites of § 503(b). However, unlike the *Chaney* and *Coursey* courts, this court concludes that the two statutes are mutually exclusive in operation. A creditor should file a proof of claim to be treated pursuant to § 1305 or file a motion or application for administrative expense pursuant to § 503(b) to be treated under that section.

The next question is whether the Creditor's post-petition claim for residential rental arrears meets the requirements of § 503(b)(1)(A). The test for whether such claims qualify as administrative expenses is whether "the debtor received a benefit which was actual and necessary to the preservation of the estate." *In re Scott*, 209 B.R. 777, 780 (Bankr. S.D. Ga. 1997). An "actual, concrete benefit to the estate" must be proven. *In re Mandel*, 319 B.R. 743, 745 (Bankr. S.D. Fla 2005) (citing *In re Subscription Television of Greater Atlanta*, 789 F.2d

1530 (11th Cir. 1986)). The Eleventh Circuit has held that the list of qualifying claims in § 503(b) is not exhaustive. *Varsity Carpet Servs., Inc. v. Richardson*, 19 F.3d 1371, 1377 (11th Cir. 1994). Therefore, claims for post-petition residential rent could qualify as administrative expenses under § 503(b)(1) if they meet the test. The Creditor shoulders the burden under § 503(b)(1)(A). *In re Alumni Hotel Corp.*, 203 B.R. 624 (Bankr. E.D. Mich. 1996).

The case law considering whether post-petition residential rental arrears should be allowed as administrative expenses in Chapter 13 cases is limited. The bankruptcy court in *In re Mandel*, 319 B.R. at 745, held that post-petition residential rental arrears should be allowed as administrative expenses where the self-employed debtor in that case used the apartment to operate his business, thus generating income to pay creditors. In *In re Perry*, 369 B.R. 402 (Bankr. E.D. Wis. 2007), the bankruptcy court failed to find that a debtor's post-petition residential rental arrears provided a necessary benefit to the estate because the debtor had vacated the leased premises.

In *In re Scott*, 209 B.R. at 783 n.12, the court found that a Chapter 13 debtor's merely living in a leased piece of property post-petition was not sufficient to demonstrate an "actual and necessary" benefit to the estate. Similarly, the court in *In re Freeman*, 297 B.R. 41, 44 (Bankr. E.D. Va. 2002), failed to find a "demonstrable benefit to the estate" from a debtor's post-petition occupation of residential leased property where the debtor did not demonstrate an intent to use the property in his reorganization efforts or show evidence that the property would have any impact on his future income.

In *In re Babbs*, 265 B.R. 35, 37-38 (Bankr. S.D.N.Y. 2001), a case relied upon by the Creditor, the bankruptcy court held that the debtor's post-petition residential rental arrears were administrative expenses under § 503(b)(1). The *Babbs* court relied heavily on the fact that the

5

debtor's Chapter 13 case was voluntarily converted to a Chapter 7 case leaving the creditor with no remedy as an involuntary creditor with a holdover tenant. Importantly, the court found that leases, both residential and nonresidential, provide certain benefits to debtors and that lessors in holdover situations are in an "unusually vulnerable position" because the automatic stay makes them "involuntary extenders of unsecured credit." *Id*. at 38.

The court will weigh the facts and equities in this case and be guided by its own discretion in determining whether an award of an administrative expense is appropriate. *See In re Verco Indust.*, 20 B.R. 664 (B.A.P. 9th Cir. 1982). As shown in the cited cases, courts have reached different conclusions based on the facts presented. Based on the facts in this case, the court concludes that there are three reasons why the Creditor should be allowed an administrative expense claim.

First, the post-petition lease provided a demonstable benefit to the Debtor's bankruptcy estate. This court routinely rules in the relief from stay context that a home is "necessary to an effective reorganization." *See* 11 U.S.C. § 362(d)(2). Similarly, here, this court finds that the estate received an actual and necessary benefit from the post-petition lease. In order to work and fund the plan, it was necessary for the Debtor have some place to live.

Second, the court concludes that the Creditor's actions, although not totally consistent with his claim for administrative expenses, are sufficient to warrant the court granting his motion. Gray muddied the issue with his actions. The lease in this case was entered into post-petition and all of the rent bargained for in the lease accrued post-petition. As a post-petition creditor, a creditor need not seek to have his claim paid through the plan. Gray could have waited until after the Debtor's plan was completed or the case was dismissed and pursued his claim then. But, Gray did file a claim. He ultimately stated the claim was a § 503(b) claim.

6

However, he first stated that it was an unsecured claim and/or a priority claim. In seeming contradiction to the proof of claim, Gray obtained a relief from stay order that said any unpaid rent would be an administrative claim and he filed this motion to allow his rent claim as an administrative claim. Essentially, the Creditor sought to have its claim paid in full as an administrative expense. It made no sense for Gray to file a § 1305 claim in this 0% case. Although his filing of a proof of claim slightly confuses the issue, Gray's actions with regard to the motion for relief from stay, the corresponding order, and the amendments to his proof of claim demonstrate his intention that the claim be treated as an administrative expense although it was not always clear.

Third, the Debtor did not object to the final order entered in response to the Creditor's relief from stay motion which stated that the arrearage would be an administrative expense.

In conclusion, the Debtor argues that the rental arrearage should be treated as an unsecured claim, which will be paid at 0%. This is an inequitable result in light of the facts of this case. The claim will be treated as an administrative claim in the amount of $6,042.44.

THEREFORE IT IS ORDERED

1. Creditor Jonathan Gray's motion is GRANTED and $6,042.44 in post-petition rental arrears will be treated as an administrative expense claim in the Debtor's Chapter 13 plan.

Dated: March 6, 2013

_____
MARGARET A. MAHONEY
U.S. BANKRUPTCY JUDGE